UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIRK BRADLEY,                          )
                                       )
            Movant,                    )
                                       )
      vs.                              )            Case No. 4:11CV1813 CDP
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

## MEMORANDUM AND ORDER

Kirk Bradley brings this motion under 28 U.S.C. § 2255, seeking to vacate, set aside or correct the 33 month sentence imposed for his violation of the conditions of his supervised release.

Bradley pleaded guilty in 2005 to possession of a firearm in furtherance of a drug trafficking offense.   Case No. 4:05CR697 CDP.   On February 24, 2006 I sentenced him to the mandatory minimum sentence of 60 months in prison, followed by three years of supervised release.   He began his term of supervised release on August 16, 2010.   On May 12, 2011 I revoked his term of supervised release following a hearing where I determined that he had violated the conditions of supervision by committing a new crime and by failing to participate in required drug treatment.   I then sentenced him to 33 months in prison to be followed by a 27 month term of supervised release.   He did not appeal.

The supervised release revocation resulted from an incident that took place on April 19, 2011.   On that day Bradley was arrested on charges of kidnapping, assault, burglary, unlawful use of a weapon, and armed criminal action.   Although the state charges on which he was initially arrested were ultimately dismissed, the United States Probation Office filed a petition to revoke his supervised release because of the alleged criminal conduct, and because of his testing positive for use of marijuana and failing to submit to drug tests on several occasions.   He was also accused of submitting diluted urine samples on two occasions.   At the revocation hearing the government presented the testimony of a police officer and of Bradley's United States Probation Officer.   Bradley, who was represented by counsel, did not testify.   I found that the evidence showed he had violated the conditions of his release and so I revoked the term of supervised release.

In his initial § 2255 motion, Bradley raised two grounds:   that there was insufficient evidence to revoke his supervised release because he had not been convicted of the underlying criminal conduct, and that the revocation sentence exceeded what was allowed in 18 U.S.C. § 3583.   In response to the question on the form motion about why he did not file a direct appeal, Bradley stated:   "Did not appeal because my attorney felt that we didn't have grounds, also it became time barred."

- 2 -

The government filed a response to the motion, and pointed out that the grounds Bradley was attempting to raise should have been raised on a direct appeal. The government also responded to the merits of his claims.

Bradley then filed a document titled "Motion to Amend the Petition for Habeas Corpus."   In that "motion" he repeated his allegations that his supervision could not be revoked when he had not been convicted of a new crime, and alleged that the court lacked the authority to impose the term of supervised release.   He also alleged that his counsel was ineffective for failing to object to his being sentenced "in excess of that permitted by the Federal Sentencing Guidelines," which he apparently believes is three years.   Additionally, he claimed, for the first time, that his attorney was ineffective for failing to file a notice of appeal, "even though the petitioner told counsel to file an appeal."   Finally, he claims his counsel was ineffective for failing to object to the use of hearsay at the supervised release revocation hearing.

## Discussion

As the government correctly points out, any claims that should have been raised on a direct appeal cannot be raised in a § 2255 motion.   *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).   To overcome this procedural bar, a movant must show that he had cause for failing to raise the issue and suffered

actual prejudice as a result.   *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Bradley could have raised his challenges to the revocation in a direct appeal, but he did not do so.   But the arguments are meritless in any event, so even had he raised them, they would have failed.

## *Sufficiency of the Evidence/Legality of Sentence*

Bradley argues that his supervision could not be revoked because the state did not ultimately proceed with the new criminal charges against him.   But that is not the law.   The court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."   18 U.S.C. § 3583(e)(3).   Additionally, hearsay evidence is admissible in a revocation hearing such as this.   *See* Federal Rules of Evidence, Rule 1101(d)(3) (rules of evidence do not apply to a hearing for revocation of supervised release).

In this case the police officer testified that a woman had reported that her fiancé was being held hostage.   Upon further investigation, the woman told police that several people, including defendant, had assaulted her fiancé and were holding him hostage.   Ultimately the fiancé escaped or was released and was interviewed by the police.   He was later taken to the hospital for lacerations to his head sustained during the assault.   The woman picked defendant's photo out of a line up, confirming that he was the "Kirk" that she knew and observed with the victim.

By the time of the preliminary supervised release revocation hearing, the male victim had changed his story and insisted that he had not been assaulted or held hostage, but that he had in fact assaulted defendant in a fight over a woman.   The magistrate judge found this retraction to be not credible.   At the final revocation hearing, I found the police officer's testimony, which was corroborated by documentary evidence to be more than sufficient to find, by a preponderance of the evidence, that the defendant had, in fact, committed the new crime.

Additionally, defendant's probation officer testified to numerous violations of his conditions of supervision related to drug aftercare.   Defendant tested positive for use of marijuana, which he admitted, he failed to report for drug tests on numerous occasions, more than one his urine specimens were diluted, and at least once he told his probation officer that he did not provide a urine sample because he knew it would test positive for drugs.   These violations on their own would have been sufficient for me to revoke his supervision.

Defendant's argument that the amount of time given exceeded the statutory limits is also simply wrong.   Under 18 U.S.C. § 3583(e)(3) and § 3583(h), upon revocation I could have sentenced defendant to five years in jail, or to any combination of jail time plus additional supervision that did not exceed five years. The Sentencing Guidelines Policy Statement, which is not binding, recommended

27 to 33 months jail time upon revocation.   My sentence of 33 months jail followed by 27 months supervised release did not exceed the 60 month statutory maximum.

### *Ineffective Assistance of Counsel*

Bradley also argues that his counsel was ineffective.   The Sixth Amendment provides the right for criminal defendants to have the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In order to succeed on an ineffective assistance of counsel claim, Bradley must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.   When examining counsel's performance, judicial scrutiny must be "highly deferential."   *Id.* at 689.   In addressing the second element, Bradley must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id.* at 694.   The court need not address both components if the movant makes an insufficient showing on one of the prongs.   *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) . Counsel cannot be deficient for failing to make a meritless argument.   *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

- 6 -

The court must hold an evidentiary hearing for § 2255 claims unless the motion, files, and record conclusively show the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *see Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). But a § 2255 motion may be dismissed without a hearing if the allegations, even if true, would not entitle the movant to relief, or if they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.   *Id.*

Normally a claim that counsel failed to file a notice of appeal when instructed to do so would require a hearing.   *See Watson v. United States,* 493 F.3d 960, 964 (8th Cir. 2007).   But in this case Bradley's claim does not require a hearing because it is contradicted by the record:   It is contrary to what he said in his initial § 2255 motion.   In that motion he stated that he did not file a notice of appeal because counsel told him it would not be successful.   That was, as set out above, good legal advice, because there are no grounds that would have been successful.   But more importantly, the statement shows that Bradley, after consulting with counsel, made an informed decision not to appeal.   Because that is the statement he made in his initial, verified § 2255 motion, I need not credit his later statement to the contrary in his motion to amend, which is not verified, and was made only after the government pointed out that he had no valid claim for relief.   *See Angulo-Arjona v. United States*, No. 1:11CV223RWS, 2012 WL 3891610 (E. D. Mo. Sept. 7, 2012); *Oberndorfer v. United States*, 4:10CV145ERW, 2012 WL 4941430 (E. D. Mo. Nov.

- 7 -

30, 2010).   Because Bradley has contradicted his own sworn statement, he is not entitled to a hearing or relief on this claim.

## *Certificate of Appealability*

As Bradley has not made a substantial showing that his rights were denied in any way, this Court will not issue a certificate of Appealability.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Kirk Bradley's motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that Bradley's motions to amend [##11, 12] are denied as moot.

A separate judgment will be entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2013.